WILLIAM McCRAW,
ATTORNEY GENERAL

?? GAINES,
FIRST ASSISTANT

?? SPOSE,
?? ?? LAW ENFORCEMENT
OFFICER

?? MYERS,
CHIEF CLERK

ASSISTANTS

?? J ALSUP
?? W. SOULDIN
?? BROADHURST
?? BROWN
?? ROY CHANDLER
?? COE
WILLIAM C. DAVIS
?? DUKE
?? H HEATH
?? E. HILL
?? BADGEN HILL



## OFFICE OF THE ATTORNEY GENERAL

### AUSTIN

W. J. (DICK) HOLT
C. M. KENNEDY
LEONARD KING
LETCHER KING ???
GEORGE P. KIRK???CK
SAM LANE
ROBERT W. MCKISSICK
WILLIAM McMILLAN
M. C. MARTIN
T. F. (TED) MORROW
LEON O. MOSES
PAT M. NEFF, JR.
HARRY B. POLLARD
W. B. POPE
RUSSELL RENTFRO
TOM D. ROWELL
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
CHARLES B. WALKER

January 9, 1939

Mr. W. B. Lane
Special County Auditor
Carrizo Springs, Texas

Dear Sir:

Opinion No. O-40

Your letter of January 5, 1939, addressed to Honorable Gerald C. Mann, Attorney General, requesting an opinion on chain stores, was duly received and has been referred to the writer for attention.

Your letter in regard to this question is as follows:

"I submit the following for your opinion: Is a store selling approximately 65% of it's gross receipts in retail lumber and building materials subject to the chain store tax?

"The balance of the gross receipts consist mainly of farm machinery, hardware, and harvesting supplies."

House Bill No. 18, p. 1589, Ch. 400, Acts 1935, 44th Leg., 1st Called Session, which is commonly known as the "chain store tax statute" requires that all persons operating "stores" and "mercantile establishments" pay certain license fees, the amount depending upon the number of stores operated.

In Section 7 of the Act, the term "store" is defined as follows:

COPY

"The term 'store' as used in this Act shall be
construed to mean and include any store or stores
or any mercantile establishment or establishments
not specifically exempted within this Act which
are owned, operated, maintained, or controlled
by the same person, agent, receiver, trustee, firm,
corporation, copartnership or association, either
domestic or foreign, in which goods, wares or mer-
chandise of any kind are sold, at retail or wholesale."

In the recent case of Hurt v. Cooper, 130 Tex. 433, 110
S. W. (2d) 896, the Supreme Court of Texas held the entire act
constitutional and indicated that this definition of the word
"store" would control in construing the act. The court said:

"The statute having defined the word, we are not
concerned with its usual meaning."

We think that the store you refer to in your letter is
covered by the definition in Section 7, unless it is "specifically
exempted" in some other part of the statute.

The exemptions are set out in Section 5 of the act, and
the only part of Section 5 that could possibly be considered as
applying to the store in question is that part which reads as fol-
lows:

"Provided that the terms, 'store, stores, mercantile
establishment or mercantile establishments' wherever
used in this act shall not include: wholesale and/or
retail lumber and building material businesses en-
gaged exclusively in the sale of lumber and building
material; . . ."

If the word "exclusively" had not been used the store in
question might come within this exemption. We think that by limit-
ing the exemption to "businesses engaged exclusively" that it
means a business that is "only" and "solely" engaged in "the sale
of lumber and building material" and not in any other business,

even though the other business be only a small per cent of the entire business. In the case of United Gas Fuel Co. v. Morley Oil & Gas Co., 102 W. Va. 374, 135 S. E. 399, the Supreme Court of Appeals of West Virginia said:

> "Words are to be given their ordinary and popular meaning, unless they have acquired a peculiar significance. . . . The word 'exclusively' is synonymous with the words 'only' and 'solely'. It is a word of restriction and exclusion."

In 23 Corpus Juris 274, it is said:

> "Exclusive. The word is derived from 'ex,' out, and 'claudere,' to shut, and precludes the idea of coexistence. In its usual and generally accepted sense, as given by lexicographers, and in the ordinary speech of the people it means possessed to the exclusion of others; . . .

> "Exclusively. To the exclusion of all others; without admission of others to participation; in a manner to exclude."

In view of the wording of the statute and the authorities that have construed such words, our answer to your question is as follows: A store selling approximately 65% of its gross receipts in retail lumber and building materials, and the balance in farm machinery, hardware and harvesting supplies, is subject to and liable for the "chain store tax".

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Assistant

CCR-N

APPROVED:

_____
ATTORNEY GENERAL OF TEXAS